AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

APR 1 5 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Black Apple iPhone X, Serial # 0792541517, currently in the possession of U.S. Fish and Wildlife Special Agent Eduardo Nieves. | Case No.  **19MJ1540** |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

located in the _____Southern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 USC 545, 371; Title 16 USC 1538(c)(d) and 1540(b) | Smuggling; Importation Contrary to Law; Conspiracy; Unlawful Importation of Wildlife. |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Eduardo Nieves, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4-15-19

*Judge's signature*

City and state: San Diego, California      Hon. Nita L. Stormes, U.S. Magistrate Judge
*Printed name and title*

ATTACHMENT A

The item to be searched is a black Apple iPhone X, Serial # 0792541517, currently in the possession of U.S. Fish and Wildlife Special Agent Eduardo Nieves.

ATTACHMENT B

The following evidence to be searched for and seized is limited to evidence of violations of Title 18 U.S.C § 371 (Conspiracy); Title 18, U.S.C. § 545 (Smuggling/Importation Contrary to Law); and Title 16 U.S.C. § 1538 (c) and (d) and 1540 (b)(1) (Unlawful Trafficking in Wildlife), for the period from May 1, 2017 to present:

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

   a. tending to indicate efforts to import, export, purchase, sell, transport and/or ship sea cucumbers, and/or other wildlife protected by the Convention on International Trade in Endangered Species (CITES), including related financial information;

   b. images of sea cucumbers and/or other wildlife protected by the Convention on International Trade in Endangered Species;

   c. tending to indicate knowledge of the legal requirements for the purchase, sale, transport, shipment, import and export of sea cucumbers and/or other wildlife protected by the Convention on International Trade in Endangered Species

   d. tending to identify other facilities, storage devices, or services-such as email addresses, IP addresses, phone numbers-that may contain electronic evidence tending to indicate efforts to illegally traffic in sea cucumbers;

   e. tending to identify co-conspirators, criminal associates, or others involved in illegal trafficking in sea cucumbers;

   f. tending to identify travel to or presence at locations where sea cucumbers were purchased, sold, transported and/or delivered;

    g.    tending to identify the user of, or persons with control over or access to, the subject phone; or

    h.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

## AFFIDAVIT FOR SEARCH WARRANT

I, Eduardo R. Nieves, being duly sworn, depose, and state:

### INTRODUCTION

1. I am a Special Agent ("SA") of the United States Department of the Interior, Fish and Wildlife Service ("FWS") assigned to the San Diego, California, field office. I have been employed by the FWS as a Special Agent since July 2011. During my employment with the FWS, I have conducted and participated in numerous investigations pertaining to violations of federal and state wildlife laws. Prior to being employed as a Special Agent, I held the position of a Wildlife Inspector for FWS from December 2004 to July 2011. I also served as an Investigator for the Guam Attorney General's Office (from June 1997 to November 2004), and Conservation Officer (Game Warden) for the Government of Guam's Agriculture Department (from July 1991 to June 1997).

2. As a Special Agent for the FWS, I attended the FWS Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia. The training I received included instruction on the requirements and implementation of the Convention on the International Trade in Endangered Species of Fauna and Flora ("CITES"), including the requirements for importing and exporting species of wildlife covered by CITES. Training also included instruction for the requirements and implementation of the Endangered Species Act, including the requirements for importing and exporting species of wildlife listed as endangered.

3. This affidavit is intended to support an application by the United States of America for a search warrant for a cellular telephone found in the possession of Xunyu Zhao (hereinafter "the subject phone") as she entered the United States from Mexico. I seek authority to search the subject phone, more fully described in Attachment A, for items, more fully described in Attachment B, which constitute evidence of violations of federal criminal law by Xunyu Zhao and others, relating to illegal trafficking in sea cucumbers, that is, Title 18, United States Code, Section 545, which prohibits smuggling, and importation contrary to law; Title 16, United States Code, Sections 1538 (c) and (d) and 1540(b), which prohibit

knowingly engaging in trade or possessing specimens traded in violations of the provisions of CITES, and knowingly engaging in business as an importer of fish and wildlife without a license from the U.S. Fish and Wildlife Service; and Title 18, United States Code, Section 371, which prohibits conspiracy to commit offenses against the laws of the United States.

4. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers in the United States and Mexico, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

5. Sea cucumbers are aquatic invertebrates and are members of the class Holothuroidea (not the classes defined as fish), and are regulated in the United States as wildlife, not fishery products.

STATEMENT OF PROBABLE CAUSE

6. On February 10, 2019, at approximately 10:20 pm, defendant Xunyu Zhao (Zhao) entered the United States from Mexico at the Calexico East Port of Entry, as the driver and sole occupant of a 2014 Mini Cooper, registered to her. At the primary inspection area, Zhao presented her U.S. passport card and stated she had nothing to declare from Mexico. The primary officer conducted a vehicle search and found a sealed bag containing 2 kg of dried sea cucumbers concealed within her purse. After waiving her Constitutional rights in writing (in Spanish), Zhao told Homeland Security Investigations Special Agent Victor Lara that she picked up the sea cucumbers at the Golden China restaurant in Mexico and was going to give them to a friend, who she identified as Luis Xiao.

7. Zhao told Special Agent Lara she knew nothing about the sea cucumbers. Zhao had no paperwork on her person relating to the sea cucumbers. At the time of her detention, Zhao was in possession of the subject phone, a black iPhone 10, with a SIM card indicating the IMEI/MEID is 890140427, and serial number is 0792541517. Special Agent

2

Lara conducted a manual examination of the subject phone and identified multiple photos of sea cucumbers stored in the phone in a WeChat conversation with Xiao. Also observed on the subject phone were images of identification and financial documents related to Xiongwei Xiao, a record of wire transfer of funds, an image of a business card for KC Trading in Brooklyn, New York (identified by open internet sources as traders in nondurable goods), and a receipt for shipment of a package to Brooklyn, New York.

8. On February 11, 2019, I took custody of the phone and the sea cucumbers seized from Zhao. Based on my experience and training, I believe the sea cucumbers seized from Zhao the previous day is of the species Isostichopus fuscus, which is protected under Appendix III of CITES. Federal regulations require that a CITES certificate from the country of origin be presented at the time of importation for all species covered by CITES. 50 CFR §23.13(a). Zhao had no CITES paperwork with her at the time of importation.

9. I caused a check to be made of the records of the U.S. Fish and Wildlife Service and learned that Zhao had no license to import commercial quantities of sea cucumbers. Federal regulations establish a rebuttable presumption that eight or more similar unused items constitute a commercial quantity. 50 CFR §14.4. The two kilograms imported by Zhao in February of 2019 consisted of well in excess of eight individual specimens.

10. Previously, on May 9, 2017, Zhao entered the United States from Mexico at the Calexico East Port Of Entry. Zhao advised the primary inspector that she had nothing to declare. Inspectors discovered eleven and a half (11.50 kg) kilograms of Isostichopus fuscus sea cucumbers in the vehicle. The sea cucumbers were seized at that time.

11. Thereafter, on May 22, 2017, U.S. Fish and Wildlife sent a Notice of Seizure and Proposed Forfeiture to Zhao at her residence in Calexico. The Notice explained that the listed property (11.5 kg of Sea Cucumber, Isostichopus fuscus) had been imported unlawfully in violation of 16 U.S.C. 1538(c)(1), because she had engaged in trade or possessed species contrary to the provisions of CITES, and because the sea cucumbers were imported without a permit required pursuant to 50 CFR 23.13(a). The Notice of Seizure was accompanied by an Abandonment Form. The form allowed Zhao to abandon the sea

1 cucumbers to the Fish and Wildlife Service. Zhao signed and returned the Abandonment
2 Form, and the sea cucumbers were forfeited.

3     12. In the interview with Special Agent Lara in February of 2019, Zhao stated that the sea cucumbers she had previously imported in May of 2017 were also intended for delivery to Luis Xiao. Zhao admitted that, in 2017, the Customs and Border Protections officers at the Port of Entry had advised her that it was illegal for her to import the sea cucumbers.

8     13. Based on my experience and training, and conversations with others involved in enforcement of laws pertaining to fish and wildlife, I know that people involved in illegal trafficking in fish and wildlife, and sea cucumbers in particular, frequently send photographs of the sea cucumbers or other wildlife to others, to demonstrate the species, size and quality of the product. Persons trafficking in fish and wildlife, and sea cucumber in particular, are also known to send photographs, text messages and emails to others regarding shipments of sea cucumber, prices, transportation and delivery arrangements, as well as records of financial transactions involving the wildlife products. Such persons also are known to conduct internet research and save documents regarding the legal requirements for the purchase sale, transport, shipment, import and export of wildlife products.

### CELLULAR TELEPHONE

19     14. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode," which disables access to the network.

Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time, labor intensive, and may take weeks or longer.

15. Following the issuance of this warrant, I will collect the subject cellular telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

16. Based on the foregoing, identifying and extracting data for a cellular telephone subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court, and the cellular phone will be returned to its owner.

//
//
//
//
//
//
//
//

## CONCLUSION

Based on the foregoing, there is probable cause to believe the items identified in Attachment B constitute evidence of violations of Title 18, United States Code, §§ 371, 545 and Title 16, United States Code, §§1538 and 1540, and will be found on the cellular telephone to be searched as described in Attachment A.

EDUARDO NIEVES
Special Agent, USFWS OLE

Subscribed and sworn to before me this ⌐5 day of April 2019

HONORABLE NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE